IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| J. H. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No: |
| | ) | |
| Ohio Dept of Job and Family Services, | ) | Judge: |
| and Kimberly L. Hall, Director, individually, | ) | |
| and in official capacity; | ) | |
| | ) | |
| Ohio Dept of Medicaid, and Maureen | ) | COMPLAINT |
| M. Corcoran, Director, individually, | ) | |
| and in official capacity | ) | |
| | ) | |
| Ohio Dept of Developmental Disabilities, | ) | |
| and Jeffrey Davis, Director, individually, | ) | |
| and in official capacity | ) | |
| | ) | |
| Office of the Ohio Governor, and | ) | |
| Richard Michael DeWine, Governor, | ) | |
| individually, and in official capacity | ) | |
| | ) | |
| Office of the Ohio Attorney General, | ) | |
| and David Anthony Yost, Attorney General, | ) | |
| individually, and in official capacity | ) | |
| | ) | |
| Opportunities for Ohioans with Disabilities, | ) | |
| and Kevin L. Miller, Director, individually, | ) | |
| and in official capacity | ) | |
| | ) | |
| Ohio Bureau of Motor Vehicles, and | ) | |
| Thomas J. Stickrath, Director, individually, | ) | |
| and in official capacity | ) | |
| | ) | |
| The Scioto Department of Job and | ) | |
| Family Services, and Paige Robbins, | ) | |
| Director, individually, and in | ) | |
| official capacity | ) | |
| | ) | |

RECEIVED
9
R... GEL
CINCINNATI, OHIO

1:19CV992

1

| | |
|---|---|
| **The Scioto County Court of Common Pleas, and Howard H. Harcha, III,** Judge, individually, and in official capacity | ) ) ) ) |
| **The Ohio Fourth District Court of Appeals, and Jason P. Smith, Matthew Walden McFarland, Michael David Hess,** Judges, individually, and in their respective official capacity | ) ) ) ) ) ) |
| Tortfeastors. | ) ) ) |

TO THE HONORABLE JUDGE OF THE ABOVESAID COURT:

NOW COMES your Appellant, J. H., and complains unto Your Honor as follows:

## INTRODUCTION

1. Plaintiff is a public assistance recipient who was subsequently denied public assistance and had those benefits terminated. Plaintiff filed for an administrative hearing to have the matter reversed and corrected. In the course of events that followed, the plaintiff was, and continues to be, repeatedly denied reasonable accommodation under the ADA, denied his civil rights, including but not limited to, due process rights, and denied the right to a fair hearing, as guaranteed by the Constitution of the United States, and a contractual agreement between the Plaintiff and the tortfeasor agencies Ohio Department of Job and Family Services and Ohio Department of Medicaid and other does, and has suffered other and seriously significant losses, injuries, and permanent damages.

2. The remaining tortfeasors are state or local agencies or employees, bound by federal law to protect and uphold the civil rights of the Plaintiff. They are prohibited, by law, from aiding in the obstruction of the Plaintiffs rights being exercised, and are legally and financially liable for engaging in such conduct and consequences caused thereto the Plaintiff.

2

## JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 which provides for original jurisdiction over civil suits arising under the Constitution, laws or treaties of the United States and against tortfeasors acting under color of state law pursuant to 42 U.S.C. § 1983.

4. This Court also has jurisdiction under 28 U.S.C. §§ 1343(3) and (4) which provide for original jurisdiction of the Court in all suits authorized by 42 U.S.C. § 1983. Plaintiff seeks to enforce the rights guaranteed him under the United States Constitution and the federal Medicaid laws, 42 U.S.C. §1396 et. seq., federal Supplemental Nutrition Assistance Program laws, and the implementing federal regulations.

5. Venue is proper in the Southern District of Ohio, Western Division, because the tortfeasors are located in this district within the meaning of 28 U.S.C. § 1391(b) and because the events, acts and omissions giving rise to the Plaintiffs' claims occurred in this district.

## PARTIES

6. Reasonable effort has been made to caption all tortfeasors, however, due to gross misconduct including missing documents from the tortfeasors, doe parties may not have been named through no fault of Appellant. If necessary, an amended appeal may be filed, or deficits corrected at the point and time Appellant can know of all such does and get the necessary cooperation from the already so listed tortfeasors.

## FACTS

7. Repeated requests for clarifications from ODJFS sought by Appellant have been regularly and routinely refused, ignored, or otherwise not responded to, throughout this entire matter by the agency, thus due diligence has also been exhausted. The tortfeasor Attorney General,

3

Michael DeWine and David Yost have also been as helpful as a chocolate teapot in helping to find all state employee parties and agencies responsible and bring them to justice.

8. In general, as will be proven with evidence currently in the possession of the Plaintiff and the tortfeasors, each respectively, the Ohio Dept of Job and Family Services, and Ohio Dept of Medicaid, and their named directors, have implicated, in writing, the Ohio Bureau of Motor Vehicles and its named director, and Opportunities for Ohioans with Disabilities and its director as aids and abettors to obstructing the civil rights and ADA rights of the Plaintiff and causing the Plaintiff injuries and losses.

9. The Scioto County Court of Common Pleas, named judge, and the Ohio Attorney General (then Michael DeWine, and now Dave Yost), have implicated, in writing, the Ohio Department of Developmental Disabilities and its director as an abettor to obstructing the civil rights and ADA rights of the Plaintiff and causing the Plaintiff injuries and losses.

10. All other named parties, including the Ohio Fourth District Court of Appeals, and the named judges, have, in writing, participated in and directly aided violations of civil rights which are protected rights and for which they as tortfeasors are legally and financially liable for failing to protect and aiding violation to happen.

11. The cited evidence is documented in both recording and written form, and is therefore easily cognizable for any person to see the clear evidence of wrongdoing by each named tortfeasor. As much of the evidence is already in the tortfeasors hands, there should be no question in their mind concerning their culpability in this matter.

12. All other facts not now known, and as will be known at the time of trial in this matter.

13. Plaintiff seeks a judicial declaration of the rights and duties of the respective parties.

4

14. No plain, adequate, or complete remedy at law is available to Plaintiffs to redress the wrongs addressed herein.

15. If this Court does not grant the injunctive relief sought herein, Plaintiff will be irreparably harmed.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

16. For a declaration that Defendants' actions, policies, and practices as alleged herein, and shall be alleged in greater detail and proven at trial, are unlawful;

17. For reinstatement of the withheld benefits to which the Plaintiff is entitled and to which the tortfeasors are unable to prove he is not entitled to;

18. For all other compensation due to the Plaintiff or lost to Plaintiff by reason of Defendants' unlawful actions, in an amount to be proven at trial;

19. For compensatory damages for Plaintiffs' emotional pain and suffering, including but not limited to intentional infliction of emotional distress, in an amount to be proven at trial;

20. For punitive damages in an amount to be determined at trial;

21. For liquidated damages;

22. For interest on lost benefits, compensation, and damages, including pre- and post-judgment interest and an upward adjustment for inflation;

23. For an order enjoining Defendants from ever engaging in the unlawful acts complained of herein, and a clear and distinct consequence to occur by this court should the acts ever happen again;

24. For reasonable attorneys' fees and costs of suit as required by law; and

26. For such other and further relief as this Court deems just and proper.

5

Dated:  November 20, 2019

Respectfully Submitted,

J. H.
P.O. Box 201
FRANKLIN FURNACE, OH 45629
*For The Plaintiff*