# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

J.H.,
    Plaintiff,

vs.

OHIO DEPT. OF JOB AND
FAMILY SERVICES, et al.,
    Defendants.

Case No. 1:19-cv-992
Black, J.
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**

Plaintiff, a resident of Franklin Furnace, Ohio, brings this action against the Ohio Department of Job and Family Services and its director, the Ohio Department of Medicaid and its director, the Ohio Department of Developmental Disabilities and its director, the Scioto County Court of Common Pleas and Judge Howard H. Harcha, III, and the Ohio Fourth District Court of Appeals and the judges thereof. (*See* Doc. 1, Complaint). By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in*

*forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke*, 490 at 328-29; *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton*, 504 U.S. at 32; *Lawler*, 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915 (e)(2)(B)(ii). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

Plaintiff's pro se complaint alleges that he was denied and terminated from the receipt of public assistance benefits. Plaintiff alleges:

> In the course of events that followed, the plaintiff was, and continues to be, repeatedly denied reasonable accommodation under the ADA, denied his civil rights, including but not limited to, due process rights, and denied the right to a fair hearing, as guaranteed by the Constitution of the United States, and a contractual agreement between the Plaintiff and the tortfeasor agencies Ohio Department of Job and Family Services and Ohio Department of Medicaid and other does, and has suffered other and seriously significant losses, injuries, and permanent damages.

(Doc. 1, Complaint PAGEID#: 8). Plaintiff alleges that he made "[r]epeated requests for clarifications from ODJFS," which have been ignored, and all of the other named defendants have aided and abetted in the obstruction of his civil rights and the ADA, causing him injury. Plaintiff further alleges that "[a]s much of the evidence is already in the tortfeasors hands, there

3

should be no question in their mind concerning their culpability in this matter." (Id. at PAGEID#: 10). Plaintiff seeks monetary, declaratory, and injunctive relief.

Plaintiff's complaint is subject to dismissal as the complaint fails to state a claim for relief against the named defendants and seeks relief from defendants who are immune from such relief.

First, plaintiff's allegations are insufficient to state a claim for relief under 42 U.S.C. § 1983 against the Scioto County Court of Common Pleas and the Ohio Fourth District Court of Appeals. A court is not a legal entity capable of being sued in a 42 U.S.C. § 1983 action. Capacity to sue or be sued in the United States District Courts is governed by Fed. R. Civ. P. 17. Rule 17(b) provides, in pertinent part: "In all other cases capacity to sue or be sued shall be determined by the law of the state in which the district court is held. . . ." Fed. R. Civ. P. 17(b). The Ohio Supreme Court has concluded that Ohio courts are not sui juris. "Absent express statutory authority, a court can neither sue nor be sued in its own right." *Malone v. Court of Common Pleas of Cuyahoga County*, 344 N.E.2d 126, 128 (Ohio 1976) (quoting *State ex rel. Cleveland Municipal Court v. Cleveland City Council*, 296 N.E.2d 544, 546 (Ohio 1973)). *See also Hawkins v. Youngstown Mun. Court*, No. 4:12-cv-1029, 2012 WL 4050167, at *2 (N.D. Ohio Sept. 13, 2012) (Youngstown Municipal Court is not *sui juris,* meaning it is not a legal entity that can sue or be sued; court is merely a subunit of the municipality it serves); *Harsh v. City of Franklin, Ohio*, No. 1:07-cv-874, 2009 WL 806653, at *4–5 (S.D. Ohio March 26, 2009) (holding that the Warren County, Ohio Court of Common Pleas and City of Franklin Municipal Court are not sui juris); *Burton v. Hamilton County Juvenile Court*, No. 1:04-cv-368, 2006 WL 91600, at *5 (S.D. Ohio Jan. 11, 2006) (holding that the Hamilton County Juvenile Court is not a

legal entity capable of being sued). Therefore, the complaint fails to state a claim for relief against the Scioto County Court of Common Pleas and the Ohio Fourth District Court of Appeals.

Second, plaintiff's claims against the individual judges who are named as defendants are barred by judicial immunity. Judges are afforded absolute immunity from § 1983 liability for acts they commit while functioning within their judicial capacity. "Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Pierson v. Ray*, 386 U.S. 547 (1967); *Barrett v. Harrington*, 130 F.3d 246, 255 (6th Cir. 1997). Judges retain absolute immunity from liability even if they act maliciously or corruptly, as long as they are performing judicial acts and have jurisdiction over the subject matter giving rise to the suit against them. *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978). *See also Brookings v. Clunk*, 389 F.3d 614, 617 (6th Cir. 2004); *Stern v. Mascio*, 262 F.3d 600, 607 (6th Cir. 2001). Plaintiff has alleged no facts indicating that the judges acted "in the complete absence of all jurisdiction." *Stern*, 262 F.3d at 607. Therefore, the individually named judges are absolutely immune from civil liability in this matter.

Third, plaintiff has failed to allege any facts showing how any the named defendants participated in any alleged violation of his constitutional or statutory rights. Plaintiff's complaint provides no factual content or context from which the Court may reasonably infer that the individual defendants violated plaintiff's rights. *Iqbal*, 556 U.S. at 678. With the exception of listing the named defendants in the caption of his complaint, plaintiff has failed to allege the specific actions each defendant allegedly took to violate his rights. Many of plaintiff's allegations amount to legal conclusions that in themselves are insufficient to give the defendants

or the Court notice of the factual basis for plaintiff's claims. Although the Court liberally construes pro se litigant filings, dismissal of a complaint is appropriate when it fails to "contain 'either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory.'" *Hendrock v. Gilbert*, 68 F. App'x 573, 574 (6th Cir. 2003) (quoting *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (emphasis in original) (internal citations omitted)). Plaintiff has not alleged sufficient factual content to enable the Court to conclude that the complaint states a plausible claim for relief against defendants. *Twombly*, 550 U.S. at 555. The Court is unable to discern from plaintiff's conclusory assertions what defendants specifically did, or failed to do, that caused his injury and violated his rights under federal law. The complaint fails to state a claim upon which relief may be granted and should be dismissed under 28 U.S.C. § 1915(e)(2)(B).

**IT IS THEREFORE RECOMMENDED THAT:**

1. Plaintiff's complaint be **DISMISSED**.

2. The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. Plaintiff remains free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.*, 105 F.3d 274, 277 (6th Cir. 1997).

Date: 12/3/19

Karen L. Litkovitz, Magistrate Judge
United States District Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| J.H.,<br>    Plaintiff,<br><br>vs.<br><br>OHIO DEPT. OF JOB AND<br>FAMILY SERVICES, et al.,<br>    Defendants. | Case No. 1:19-cv-992<br>Black, J.<br>Litkovitz, M.J. |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).