UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| J.H., | Case No. 1:19-cv-992 |
|     Plaintiff, | Black, J. |
| | Litkovitz, M.J. |
| vs. | |
| OHIO DEPT. OF JOB AND | |
| FAMILY SERVICES, *et al*., | **REPORT AND** |
|     Defendants. | **RECOMMENDATION** |

**I. Factual and procedural background**

Plaintiff J.H. brings this action against defendants the Ohio Department of Job and Family Services (ODJFS) and its director and the Ohio Department of Medicaid (ODM) and its director alleging that defendants violated Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132, Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, and Section 1983 of the Civil Rights Act, 42 U.S.C. § 1983, and discriminated against him by failing to give deference to his choice of communication for participating in administrative hearings regarding the Supplemental Nutrition Assistance Program. (Doc. 11).

This matter is before the Court on defendants' motion to transfer venue (Doc. 25), plaintiff's memorandum in opposition (Doc. 31), and defendants' reply memorandum (Doc. 34).

**II. Motion to transfer venue (Doc. 25)**

Defendants move to transfer venue to the Eastern Division (Columbus) of this District pursuant to 28 U.S.C. §§ 1391, 1404(b), and Local Rule 82.1, which provides that an action against a defendant or defendants who reside in this District "shall be filed at the location of Court that serves a county in which at least one defendant resides." S.D. Ohio Civ. R. 82.1(c). Defendants allege that ODJFS and ODM reside in Franklin County, Ohio, which is served by the Eastern Division (Columbus) of this District. (Doc. 25, at PAGEID 315). Defendants further

allege that venue for an official-capacity suit against a state official is where the official's office is located. (*Id*.) Defendants claim that the offices of defendants Hall and Corcoran are located in Franklin County, Ohio. (*Id*.). Accordingly, defendants move the Court to transfer this case to the Eastern Division (Columbus) of this District because all defendants reside in that division. (*Id*., at PAGEID 316). In opposition, plaintiff argues that venue in the Western Division is proper because a substantial part of the events giving rise to the cause of action occurred in the Western Division and the 28 U.S.C. § 1404(a) factors weigh against transfer. (Doc. 31).

      Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404. The last clause of § 1404(a) limits a transfer of venue to those districts or divisions in which the case might have been brought. *See Zukowski v. Germain*, No. 2:09-cv-662, 2010 WL 2540983, at *7 (S.D. Ohio June 18, 2010). This Court's Local Rules govern the location of court where actions must be filed. The Court must determine whether venue is proper in the Cincinnati or Columbus location of this Court under the Local Rules governing venue of actions within the Southern District. *See* S.D. Ohio Civ. R. 82.1 ("Venue of Actions within the District"). Local Rule 82.1(c) requires that "if a defendant is a resident of the Southern District of Ohio, . . . the action must be filed in the federal district court serving the county of which the defendant is a resident." *GCG Austin, Ltd. v. City of Springboro, Ohio*, 284 F. Supp. 2d 927, 930 (S.D. Ohio 2003). *See also Ellis v. Centerville CJDR, LLC*, No. 1:19-cv-396, 2019 WL 3997420, at *1 (S.D. Ohio Aug. 23, 2019). However, "[i]f no defendant is a resident of this district, an action shall be filed at the location of court embracing a county in

which a substantial part of the events or omissions giving rise to the claim occurred. . . ." S.D. Ohio Civ. R. 82.1(e).

Plaintiff sued the directors of ODJFS and ODM in their official capacities. (Doc. 11). "A public official sued in the officeholder's official capacity resides in the judicial district where the officeholder performs the official duties of the office." *Blue Water Imp., Inc. v. Stickrath*, No. 3:16-cv-02477, 2020 WL 1862643, at *1 (N.D. Ohio Apr. 14, 2020). *See O'Neill v. Battisti*, 472 F.2d 789, 791 (6th Cir. 1972). The residence of ODJFS, ODM, and their directors is in Franklin County, Ohio. (Doc. 25, at PAGEID 315). All defendants in this case are therefore residents of the Southern District of Ohio. (Doc. 25).

Because all defendants are residents of the Southern District of Ohio, this action must "be filed at the location of Court that serves a county in which at least one defendant resides." S.D. Ohio Civ. R. 82.1(c). No defendant resides in a county served by the Western Division of the Court. *See* S.D. Ohio Civ. R. 82.1(b). As noted above, all defendants are residents of Franklin County, Ohio, which is served by the Eastern (Columbus) location of the Court. S.D. Ohio Civ. R. 82.1(b). Thus, this action is properly venued in the Eastern Division of this Court, at Columbus, because all defendants reside in Franklin County and no defendant is a resident of a county served by the Western Division.

Plaintiff asserts that this case should remain in the Western Division of the Court because a substantial part of the events giving rise to his claims occurred in Scioto County, and the relevant factors weigh against transfer to the Eastern Division. (Doc. 31 at 3-4). However, under the Local Rules of this Court, "if a defendant is a resident of the Southern District of Ohio, as is the case herein, the action must [be] filed in the federal district court serving the county of which the defendant is a resident." *GCG Austin, Ltd.*, 284 F. Supp. 2d at 930. When all of the

3

defendants reside within the Southern District of Ohio, venue is governed by Local Rule 82.1(c) and "the Court does not look to the location of the property at issue or to where a substantial part of the events or omissions giving rise to the claim occurred" under Local Rule 82.1(e).  *Id*.  The residence of the defendants is controlling, and only where the defendants do not reside within the Southern District of Ohio may the Court consider the Local Rule 82.1(e) factors, such as where a substantial part of the events or omissions giving rise to the claim occurred.  Plaintiff has not addressed the impact of the Local Rules on the venue issue in this case or cited any authority to persuade the Court that the Local Rules do not govern in this instance.

Therefore, it is recommended that this action be transferred to the Eastern Division, at Columbus.  *See Svete v. Wunderlich*, No. 2:07-cv-156, 2009 WL 3028995, at *6 (S.D. Ohio Sept. 16, 2009) (intradistrict transfer motion granted pursuant to S.D. Civ. R. 82.1(c) where no defendant resided in a county served by the Eastern Division of the Court where the case was filed).

**IT IS THEREFORE RECOMMENDED THAT:**

Defendants' motion to transfer venue (Doc. 25) be **GRANTED** and this matter be transferred to the United States District Court for the Southern District of Ohio, Eastern Division, at Columbus.

Date:  12/9/2020

Karen L. Litkovitz
United States Magistrate Judge

4

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| J.H., | Case No. 1:19-cv-992 |
|     Plaintiff, | Black, J. |
| | Litkovitz, M.J. |
| vs. | |
| OHIO DEPT. OF JOB AND | |
| FAMILY SERVICES, *et al*., | |
|     Defendants. | |

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).